IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

CHRISTOPHER SHORTER
        a/k/a "Chrissy Shorter"

        Petitioner,

v.                                          Case No. 4:20cv223/MW-MAF

BRYAN DOBBS, WARDEN,

        Respondent.

_____/

## GOVERNMENT'S RESPONSE TO THE
## COURT'S MAY 18, 2020, ORDER

Comes now the United States of America, by and through the undersigned

Assistant United States Attorney, and files this response to the Court's May 18,

2020, order.  (ECF 26)  For the reasons set forth below, the government argues

that Defendant, Christopher Shorter, a/k/a "Chrissy Shorter," is not entitled to

any relief under the First Step Act and that the petition should be denied.

## STATEMENT OF THE FACTS

On February 8, 2012, a federal grand jury in the Northern District of

Florida returned a 55-count Indictment against the defendant, Christopher

Shorter and co-defendant Kimberly Lewis.  (ECF 1; PSR, para. 1[1])  Count 1

---

[1] See criminal file, case no. 4:12CR11-001.

charged the defendants with conspiracy to defraud the government with respect to claims between November 14, 2008, and March 27, 2010, in violation of 18 U.S.C. § 286. (ECF 1, PSR, para. 2)  Counts 2 through 26  charged Defendant Shorter with defrauding the government with respect to claims, in violation of 18 U.S.C. § 287.   (ECF 1; PSR, para. 3)   Counts 27 through 33 charged Defendant Shorter and co-defendant Lewis[2] with wire fraud (aiding and abetting), in violation of 18 U.S.C. §§ 1843 and 2. (ECF 1; PSR, para. 4) Counts d 34 through 51 charged Defendant Shorter with mail fraud (aiding and abetting), in violation of 18 U.S.C. §§ 1341 and 2. (ECF 1; PSR, para. 5) Counts 52 through 55 charged Defendant Shorter with aggravated identity theft (aiding and abetting), in violation of 18 U.S.C. §§ 1028A(a)(1) and 2.  (ECF 1; PSR, para. 6)

In November 2009, the IRS identified more than 200 income tax returns which were believed to be false, due to fraudulent W-2 forms, common addresses, and common bank accounts.  (PSR, para. 10)  These federal tax returns were linked to Defendant Shorter and Complete Solutions Tax Services, a tax preparation business listing Defendant Shorter and an associate as the business owners.  (PSR, para. 11)  Subsequent investigation revealed more fraudulent tax returns, totaling approximately 265 returns for the tax years 2006,

---

[2]  Co-defendant Lewis was also charged in counts 4, 6, 10, 13, 35, 37, 39, 40, and 55.

through 2009. (Id.)  The total amount falsely claimed as part of the conspiracy was approximately $1,313,520.00. (Id.)  Of this amount, Shorter received $153,062.00 in successful fraudulent tax return refunds.  (Id.)

On March 29, 2012, Defendant Shorter pled guilty to counts 1, 2 through 14, 27 through 33, 34 through 44, and 52 through 55.  (PSR, para. 8)  With an offense level of 24 and criminal history category of VI, Defendant Shorter scored a guideline imprisonment range of 100 to 125 months on all counts except Count 1 and 2 through 14. (PSR, paras. 41, 56, 116)  On Count 1, the guideline range was 100 to 120 months' imprisonment based on the statutory maximum sentence of 120 months.  (PSR, para. 116)  On Counts 2 through 14, the statutory maximum sentence was 60 months' imprisonment.   (Id.)   The term of imprisonment for Counts 52 through 55 was a consecutive term of 24 months' imprisonment.  (Id.)

On July 31, 2012, Defendant Shorter was sentenced to 72 months' imprisonment on counts 1 and 27 through 44, 60 months' imprisonment on counts 2 through 14, and a consecutive 24 months' imprisonment on counts 52 through 55 for a total of 96 months' imprisonment followed by three years of supervised release.  (ECF 62)  On February 14, 2019, Defendant Shorter completed the term of incarceration and began supervised release.  (ECF 98) After a violation petition was filed, this court modified Defendant Shorter's term

3

of supervision to clarify that Defendant Shorter "shall not possess or use the personal individual information of any individual other than her own." (ECF 109).

On January 8, 2019, Defendant Shorter filed an Emergency Petition for relief under 28 U.S.C. § 2241 and an Emergency Motion to Expedite Hearing in the Southern District of Florida. (ECF 1, 3[3])  In the § 2241 petition, Defendant Shorter alleged that the "Request for Administrative Remedy is currently pending" with the BOP.  (ECF 1, p. 4)  Defendant Shorter attached documents to the petition showing communication with prison personnel. (ECF 1, Attachment A, pp. 13-17)  On December 26, 2018, Defendant Shorter submitted a form entitled "Informal Resolution," requesting that "56 additional days Good time credit" be applied to Defendant Shorter's sentence under the First Step Act, resulting in a release date of December 20, 2018.  (Id., p. 13)  The correctional counselor responded on the bottom of the form:  "Your time is not computed at the institutional level.  Due to the [government] shutdown your immediate release may be delayed by the Designation and Sentence Computation Center."  (Id.) A unit manager later added:  "Although the law may have been signed, there has been no guidance issued to the BOP or FCI Miami on how this law will effect inmates and any procedures needed.  Please be patient while

---

[3]  Citation to the instant case, case no. 4:20cv223/MW-MAF.

information is compiled and then executed." (Id.)  On December 27, 2018, Defendant Shorter filed a "Request for Administrative Remedy," which stated a desire to "grieve the attached INFORMAL RESOLUTION REQUEST." (Id., p. 16)  On January 2, 2019, the Warden responded to Defendant Shorter's email demanding immediate release with an email explaining, "We do not have authority to recalculate sentences at the local institution level.  We are awaiting guidance on how to proceed." (Id., p. 17).

The district court referred the petition to a magistrate judge, who, without requiring a response from the Warden, issued a Report and Recommendation (hereinafter, "R&R") that Defendant Shorter's petition be dismissed without prejudice due to prematurity and a failure to exhaust administrative remedies. (ECF 5)  According to the R&R, Defendant Shorter "likely could not qualify for any time credits when this Petition was filed… [S]uch time credits do not apply before the Act's date of enactment, and Shorter filed her §2241 petition less than 30 days after the First Step Act's enactment."  (Id., p. 5)

Defendant Shorter objected to the R&R, claiming that "the futility exception" excused any requirement to exhaust administrative remedies.  (ECF 8)  The district court in the Southern District of Florida dismissed the petition on February 15, 2019.  (ECF 10)  Defendant Shorter timely filed a notice of appeal.  (ECF 13)   Although there was an initial dismissal for lack of

prosecution, the Eleventh Circuit Court of Appeals issued mandate on April 13, 2020, vacating and remanding the petition for further proceedings.  (ECF 22)  The case was transferred to the Northern District of Florida on April 30, 2020.  (ECF 24)  On May 18, 2020, this court issued an order directing the government to respond by June 15, 2020.  (ECF 26)

The government responds and opposes the petition as follows:

LAW AND ARGUMENT

I.   *Defendant Shorter is ineligible for relief under the First Step Act*.

This court is authorized to issue a writ of habeas corpus on behalf of a prisoner who is "in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(3).  A petition filed pursuant to 28 U.S.C. § 2241 petition is appropriate where, a prisoner challenges the execution of his federal sentence. *Antonelli v. Warden*, U.S. P. Atlanta, 542 F.3d 1348, 1352 (11th Cir. 2008).  In the instant case, Defendant Shorter was still "in custody" at the time of the filing of the § 2241 petition and is currently serving a term of supervised release.  (ECF 1; ECF 98 – case no. 4:12CR11-001)  Defendant Shorter continues to seek good-time credit, even though the sentence of imprisonment had been completed.

The Bureau of Prisons, (hereinafter, "BOP") uses the provisions in 18 USC § 3624(b) to determine good conduct time credit on a federal sentence.

6

Section 102(b)(1)(A) of the First Step Act of 2018 amended 18 U.S.C. § 3624(b)(1) to increase the maximum allowable good-time credit from 47 to 54 days for each year of the sentence imposed. First Step Act, Pub. L. No. 115-391, § 102(b)(1)(A), 132 Stat. 5194 (2018). Title 18 U.S.C. § 3624(b)(1) now states:

> Subject to paragraph (2), a prisoner who is serving a term of imprisonment of more than 1 year other than a term of imprisonment for the duration of the prisoner's life, may receive credit toward the service of the prisoner's sentence, of up to 54 days for each year of the prisoner's sentence imposed by the court, subject to determination by the Bureau of Prisons that, during the year, the prisoner has displayed exemplary compliance with institutional disciplinary regulations.

18 U.S.C. § 3624(b)(1).

This provision applies retroactively "to offenses committed before, on, or after the date of enactment of this Act, except that such amendments shall not apply with respect to offenses of this Act, except that such amendments shall not apply with respect to offenses committed before November 1, 1987." First Step Act, Pub. L. No. 115-391, § 102(b), 132 Stat. 5213 (2018). The provisions in the First Step Act, however, included a delayed effective date to allow the Attorney General time to establish the "risk and needs assessment system" by July 19, 2019. See *Bottinelli v. Salazar*, 929 F.3d 1196, 1199 (9th Cir. 2019)("Congress provided 'clear direction' in paragraph 102(b)(2) to delay the implementation of the good time credit amendment until the Attorney General establishes the 'risk and needs assessment system.' Like the district court, we refuse to overlook the

[First Step] Act's plain text and therefore affirm the denial of the joint habeas petition.") (internal citation omitted).  Other district courts have similarly found:

> In accordance with Section 102(b)(2) of the Act, the amendments made in this section only take effect when the Attorney General completes the 'risk and needs assessment system' required by Section 101(a) of the Act. Section 101(a) does not require completion of the system until 210 days after the Act's enactment. Thus, Section 102(b)(1) will not take effect until approximately July 2019.

*Thorpe v. Edge*, 2019 U.S. Dist. LEXIS 123579, *3 (S.D. Ga. Jul. 8, 2019), (collecting cases), quoting *Gilliam v. U. S. Justice Dep't*, No. 219-CV-00037, 2019 U.S. Dist. LEXIS 78503, 2019 WL 2062544, at *2 (E.D. Ark. Apr. 19, 2019), Report and Recommendation adopted *sub nom*. *Gilliam v. Hendrix*, 2019 U.S. Dist. LEXIS 78103, 2019 WL 2062494 (E.D. Ark. May 9, 2019) (quoting *Rizzolo v. Puentes*, No. 1:19-cv-00290, 2019 U.S. Dist. LEXIS 42957, 2019 WL 1229772 (E.D. Cal. March 15, 2019)); see also *Crittendon v. White*, No. 1:19-cv-669, 2019 U.S. Dist. LEXIS 71568, 2019 WL 1896501 (M.D. Pa. Apr. 29, 2019) (same). The Attorney General's deadline for the risk and needs assessment was July 19, 2019. 18 U.S.C. § 3632(a).

To grant Defendant Shorter's petition, the court would be disregarding the plain language of Subsection 102(b)(2), which provides that the amendments made in subsection 102(b) of the Act take effect only when the Attorney General completes the "risk and needs assessment system" required by Section 101(a) of the Act. *Wright v. United States*, 2019 U.S. Dist. LEXIS 111793, * 13 (W.D. WA.

June 5, 2019).  It is undisputed that Congress can postpone the date on which a law, or even part of a law, becomes effective.  *Id.*, citing *Gozlon-Peretz v. United States*, 498 U.S. 395, 504, 405-08 (1991).  And where Congress has provided an express effective date for a statutory provision, that date controls. *Id,* citing *Gozlon-Peretz*, 498 U.S. at 403-404.

Defendant Shorter was ineligible for relief at the time of filing the petition and remains ineligible; and therefore, the petition should be dismissed.  See *Thorpe v. Edge*, 2019 U.S. Dist. LEXIS 123579, * 3, citing *Wykoff v. Woods*, Civil Action No.: 2:19-CV-72, 2019 U.S. Dist. LEXIS 82121, 2019 WL 2375257, at *2 (M.D. Ala. May 14, 2019) (request for immediate recalculation of sentence under § 102(b)(1) premature and subject to dismissal) (collecting cases), Report and Recommendation adopted, 2019 U.S. Dist. LEXIS 92823, 2019 WL 2375176 (June 4, 2019); See also *Schmutzler v. Quintana*, No. 5:19-046-DCR, 2019 U.S. Dist. LEXIS 26433, 2019 WL 727794, at *2 (E.D. Ky. Feb. 20, 2019) (summarily dismissing § 2241 petition based on delayed effective date of the First Step Act as premature and because petitioner failed to exhaust administrative remedies);  *Wright v. United States*, 2019 U.S. Dist. LEXIS 111793, *9-11, n.5, 6 (W.D. WA. June 5, 2019)(collecting cases);  *Christopher v. Wilson*, No. 4:19-cv-214-O, 2019 U.S. Dist. LEXIS 66020, 2019 WL 1745968, at *1 (N.D. Tex. Apr. 18, 2019);  see also *Brown v. Warden of FCI Williamsburg*,

No. 8:19-cv-00546-HMH-JDA, 2019 U.S. Dist. LEXIS 69440, 2019 WL 1780747, at *6-7 (D.S.C. Mar. 25, 2019); *Rizzolo v. Puentes*, No. 1:19-cv-00290-[*4] SKO-HC, 2019 U.S. Dist. LEXIS 42957, 2019 WL 1229772, at *3 (E.D. Cal. Mar. 15, 2019) (same); *Sheppard v. Quintana*, No. 5:19-cv-084-DCR, 2019 U.S. Dist. LEXIS 37297, 2019 WL 1103391, at *2 (E.D. Ky. Mar. 8, 2019) (same); *Sennett v. Quintana*, No. 5:19-cv-085-JMH, 2019 U.S. Dist. LEXIS 36784, 2019 WL 1085173, at *2 (E.D. Ky. Mar. 7, 2019) (same). Accordingly, Defendant Shorter's argument for entitlement to immediate relief lacks merit.

Defendant Shorter satisfied the prison sentence imposed in Case Number 4:12cr11-001, on February 14, 2019, and began a three-year term of supervised release. Defendant Shorter argues for relief under the First Step Act, even though Defendant Shorter is already now released from imprisonment and is serving a term of supervised release. Courts considering similar arguments under the First Step Act have rejected them as contrary to federal law. See *Jamison v. Warden, Elkton Federal Correctional Institution*, 2019 WL 5690710, *3 (S.D. OH. Nov. 4, 2019) ("Because petitioner's revocation sentence is separate from his original sentence for purposes of calculating good-time credits, he is not entitled to the good-time credits he would have received on his original 36-month sentence if the First Step Act had been enacted at the time he was serving that sentence."); See also *Garland v. Johnson,* No. 1:19-cv-53-P, 2019 WL

5106274, at *1 (W.D. La. Aug. 12, 2019) ("However, even if [petitioner] had been entitled to additional good time credit toward his sentence that he did not receive, federal law provides that those credits could not be used either to shorten the period of his supervised release or to shorten the period of any future imprisonment [petitioner] may be required to serve for violating the conditions of his release.") (citing 28 C.F.R. § 2.35(b) ("Once an offender is conditionally released from imprisonment, either by parole or mandatory release, the good time earned during that period of imprisonment is of no further effect either to shorten the period of supervision or to shorten the period of imprisonment which the offender may be required to serve for violation of parole or mandatory release."); *United States v. Johnson*, 529 U.S. 53, 60 (2000) (holding that the length of a term of supervised release may not be reduced by reason of excess time incarcerated, as [t]he objectives of supervised release would be unfulfilled if excess prison time were to offset and reduce terms of supervised release.").

Unlike in *Dawson v. Scott*, 50 F.3d 884, 886 n. 2 (11th Cir. 1999), the relief sought here, good time-credit, could not alter Defendant Shorter's supervised release. See *United States v. Sewell*, 712 Fed. Appx. 917, 919 (11th Cir. 2017)(Unlike the petitioners in *Dawson* and in *United States v. Page*[4], 69 F.3d 482,

---

[4]   Superseded by statute on unrelated ground as stated in *United States v. Edwards*, 728 F.3d 1286, 1292 (11th Cir. 2013).

487 n.4 (11th Cir. 1995), if the petitioner prevailed, his supervised release term would not change. "Nothing in the record suggests that if the District Court had imposed a shorter sentence, it would also have imposed a shorter or less restrictive period of supervised release." In the instant case, on Counts 1, 2 through 14, 27 through 33, and 34 through 44, the district court was authorized to impose a term of supervised release of not more than three years pursuant to 18 U.S.C. §3583(b)(2). (PSR, para. 118) For those same counts of conviction, the Sentencing Guidelines provided that the authorized term of supervised release was at least one year, but not more than three years, pursuant to USSG §5D1.2(a)(2). (PSR, para. 119) Hence, as the Eleventh Circuit held in *Sewell*, even if Defendant Shorter were to prevail on the petition, nothing in the record suggests that Defendant Shorter's success would have any effect on the three-year term of supervised release currently being served.

Moreover, there is absolutely nothing in the First Step Act which mandates the BOP to retroactively un-satisfy and update previously satisfied sentences, thereby causing *every* previously served sentence which was granted good conduct time credits under Title 18, USC § 3624(b) to become overserved. As such, Defendant Shorter cannot receive additional good conduct time credit towards a previously served term of imprisonment under the updated statute prior to the statute's effective date of July 19, 2019. Defendant Shorter's claims

alleging that the failure to apply good-time credit under the First Step Act violated the defendant's 4th and 8th amendment rights are meritless. Accordingly, Defendant Shorter's petition should be denied in its entirety.

II.   *Defendant Shorter failed to exhaust the administrative remedies.*

Even if Defendant Shorter had not completed the term of supervision at the time of enactment of the good time provision under the First Step Act, Defendant Shorter's petition would be subject to dismissal for failing to exhaust administrative remedies. Defendant Shorter initiated the administrative process, but there was admittedly no exhaustion[5].  (ECF 1, p. 9; ECF 8, p. 2)  Although § 2241 does not contain a statutory exhaustion requirement, courts consistently require the exhaustion of administrative remedies prior to review.  *Santiago-Lugo v. Warden*, 785 F.3d 467 (11th Cir. 2015); See also *Davis v. Warden, FCC Coleman-USP*, 661 F. Appx. 561, 562 (11th Cir. 2016) (federal inmate seeking habeas corpus relief under § 2241 "must exhaust available administrative remedies before he can obtain relief") (citing *Santiago-Lugo*, 785 F.3d at 474-75)). This common practice in the courts is important, because "[e]xhaustion allows prison officials to develop a factual record and an opportunity to correct their own errors before being haled into court." *Brimmer v. Warden of FCI-Williamsburg*,

---

[5] "Petitioner [Defendant Shorter] alleges, while assuming he would fail at the initial stage of administrative complaints, that it would take too much time to go through the administrative process."  (ECF 8, p. 2)

No. CV 9:19-676, 2019 U.S. Dist. LEXIS 91579, 2019 WL 2305022, at *3 (D.S.C. Apr. 30, 2019), Report and Recommendation adopted, 2019 U.S. Dist. LEXIS 90307, 2019 WL 2303585 (D.S.C. May 30, 2019) (citing *Jones v. Bock*, 549 U.S. 199, 204, 127 S. Ct. 910, 166 L. Ed. 2d 798 (2007)).

The BOP has established an administrative remedy procedure through which an inmate may seek review of a grievance related to the inmate's imprisonment. 28 C.F.R. § 542.10 et seq.  This process "applies to all inmates in institutions operated by the Bureau of Prisons . . . and to former inmates for issues that arose during their confinement." 28 C.F.R. § 542.10(b).  An inmate must generally first seek to resolve an issue of concern informally by presenting the issue to correctional staff.   28 C.F.R. § 542.13(a).   If no resolution materializes, the inmate must submit a formal written request to the Warden within 20 calendar days. 28 C.F.R. § 542.14(a).  If unsatisfied with the Warden's response, the inmate may then appeal with the BOP Regional Director within 20 days of the Warden's response. 28 C.F.R. § 542.15(a). If still dissatisfied with the BOP Regional Director's response, the inmate may finally appeal to the BOP's Office of General Counsel in Washington, D.C., within 30 days of the BOP Regional Director's signature on the response.  Id.   Inmates must complete all three steps of the administrative remedies process to have exhausted their administrative remedies.

Defendant Shorter argues that the futility exception applies here. (ECF 8) In 28 U.S.C.S. § 2241 cases, this exception applies only in "extraordinary circumstances," for which Defendant Shorter fails to meet the burden of demonstrating the futility of administrative review. *Tinoco-Jaimes v. United States*, 168 Fed. Appx. 356, 359 (11th Cir. 2006)(Petitioner failed to demonstrate extraordinary circumstances and did not adequately explain why the administrative process would have been futile.). The question becomes whether Defendant Shorter has established that extraordinary circumstances existed when Defendant Shorter chose not to complete the administrative process and instead, filed his petition in district court. (ECF 1)

There was nothing preventing Defendant Shorter from timely appealing the Warden's response within 20 days to the BOP Regional Director. Defendant Shorter could have and should have immediately appealed to the BOP Regional Director as early as January 2, 2019[6], the Warden's decision date. (ECF 1, Attachment A, p. 17) Then, from that point, if Defendant Shorter would have remained displeased with the BOP Regional Director's decision, Defendant Shorter should have appealed to the BOP's Office of General Counsel. Instead, Defendant Shorter decided to file the petition in district court. Defendant

---

[6] Defendant Shorter was released from incarceration and started supervised release on February 14, 2019 (almost six weeks after the Warden's decision). (ECF 98)

Shorter has failed to establish that the administrative process would have been futile.

Accordingly, Defendant Shorter's 2241 petition should be denied for failure to exhaust administrative remedies.

Respectfully submitted,

LAWRENCE KEEFE
United States Attorney

*s/Winifred L. Acosta*
WINIFRED L. ACOSTA
Assistant U.S. Attorney
Appellate Division
Northern District of Florida
Florida Bar No. 0076333
111 North Adams Street, 4th Floor
Tallahassee, FL  32301
(850) 942-8430
winifred.acosta@usdoj.gov

CERTIFICATE OF COMPLIANCE WITH N.D. FLA. LOC. R. 7.1(F)

I hereby certify that this response complies with the word limitation set forth in N.D. Fla. Loc. R. 7.1(F).  This response contains 3,516 words.

s/ Winifred L. Acosta
Winifred L. Acosta
Assistant U.S. Attorney

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the fore-going has been provided by U.S. mail to Christopher Shorter, a/k/a "Chrissy Shorter," 121 James Court, Quincy, FL  32351 on this 11th day of June, 2020.

s/ Winifred L. Acosta
Winifred L. Acosta
Assistant U.S. Attorney
