## IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA TALLAHASSEE DIVISION

CHRISTOPHER "CHRISSY"[1]
SHORTER,

       Petitioner,

vs.                                            CASE NO: 4:20-CV-00223-MW-MAF

BRYAN DOBBS,

       Respondent.

_____/

## REPORT AND RECOMMENDATION

The *pro se* Petitioner, Christopher a.k.a. "Chrissy" Shorter, a former prisoner, filed a habeas petition, pursuant to 28 U.S.C. § 2241, seeking additional good-time credits under the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 (2018). CV-ECF No. 1.[2] This Cause comes before the Court upon remand by the Eleventh Circuit Court of Appeals. CV-ECF No. 22; Shorter v. Warden, 803 F. App'x 332 (11th Cir. 2020).

---

[1] Petitioner is a transgender female who prefers to be referred to using feminine pronouns.

[2] This Report uses the citations "CR-ECF ___," when referencing documents in the underlying criminal docket, and "CV-ECF ____," when referencing documents in the instant civil case.

Upon careful review of the petition, the pleadings, and the judgment of the Eleventh Circuit Court of Appeals, for the reasons stated below, the Undersigned recommends that the Court find Petitioner is excused from exhausting her administrative remedies but is not otherwise entitled to relief under the First Step Act.

## I.   Background and Relevant Procedural History

Petitioner pled guilty to 36 counts of fraud, filing false claims, conspiracy to file false claims, and aggravated identity theft in N.D. Fla. Case No. 4:12-CR-11-001-Hinkle. CR-ECF No. 36. On June 31, 2012, the Court sentenced Petitioner to a total of 96 months imprisonment followed by three years of supervised release. CR-ECF No. 62. Petitioner's scheduled release date was set for February 14, 2019. CV ECF No. 1. While still incarcerated[3], on January 8, 2019, Petitioner initiated this case by filing an emergency petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 seeking immediate release under the First Step Act (the Act), which was enacted on December 21, 2018. Id. Petitioner claimed that under the Act, she was entitled to an additional 56 days of good-time credit; and, because the Act applies retroactively, her sentence should have expired on December 20,

---

[3] At the time, Petitioner was a prisoner at the Federal Correctional Institution in Miami, Florida (FCI Miami) and filed the Section 2241 petition in the Southern District of Florida in Case No. 19-cv-20094-Altonaga.

2018. Id. Petitioner asked the Court for an order directing the Bureau of Prisons (BOP) to recalculate her good-time credits and immediately release her. Id.

On January 25, 2019, without ordering a response from the Respondent Warden, the prior magistrate judge[4] reviewed the § 2241 petition and issued a report recommending dismissal for three reasons: (1) failure to exhaust administrative remedies; (2) as premature because the Attorney General had 210 days after the enactment of the statute to implement the good-time credit changes; and (3) Petitioner did not qualify for good-time credits for any time served prior to the enactment of the statute. CV-ECF No. 5. Petitioner objected and maintained she was entitled to the futility exception because it would take "too much time to go through the administrative process" and "there is a bias and/or administrative policy preventing [her] from succeeding at the first tier of administrative review" because the prison did not have the authority to recalculate her sentence. CV-ECF No. 8, p. 2. On February 14, 2019, Petitioner completed her term of incarceration and began supervised release.[5] CR-ECF No. 98. The following

---

[4] The Honorable Lisette M. Reid was the assigned magistrate judge. Upon remand, the Southern District of Florida transferred the case to the Northern District of Florida because of the underlying criminal case. CV-ECF No. 24.

[5] A violation petition was filed in the underlying criminal case. CR-ECF No. 98. On April 1, 2020, the Court modified Petitioner's term of supervision to clarify that she was

day, the district court dismissed Petitioner's petition as moot without reaching the merits of the magistrate judge's report. CV-ECF No. 10.

Petitioner filed a direct appeal in Case No. 19-10790 and maintained the case was not moot because the computation of the length of her sentence could affect the term of her supervised release. On February 19, 2020, the Eleventh Circuit Court of Appeals agreed that "a prisoner's § 2241 petition seeking credit against [her] sentence was not mooted by the prisoner's subsequent release." Shorter v. Warden, 803 F. App'x at 334 (citing Dawson v. Scott, 50 F.3d 884, 886 n.2 (11th Cir. 1995)). Additionally, the Eleventh Circuit found that the § 2241 petition was now ripe because the 210-day deadline had "come and gone." Id., at 335. Finally, the Eleventh Circuit declined to address the issue of exhaustion in the first instance; Petitioner's objection to the magistrate judge's reasoning on the exhaustion issue could relate to the Supreme Court's decision in McCarthy v. Madigan, 503 U.S. 140, 144, 147 (1992). Id., at 336. Petitioner might suffer "irreparable harm" given the time frame necessary to exhaust the administrative process. Id. The Eleventh Circuit vacated and remanded the case for the district court to consider the issue in the first instance and "whether exhaustion is required

---

not permitted to "possess or use the personal individual information of any individual other than her own." CR-ECF No. 109.

for Petitioner to continue her petition as it relates to her term of supervised release." Id.

Pursuant to the Court's order, Respondent filed a response on June 11, 2020, CV-ECF No. 29, and an amended response, on June 12, 2020. CV-ECF No. 30. Respondent asserts that the petition should be dismissed because Petitioner failed to exhaust her administrative remedies and because she is otherwise ineligible for relief under the Act. Petitioner's reply is a "motion for judicial notice." CV-ECF No. 31. This Report follows.

## II. Discussion

### A. The Exhaustion Requirement Should Be Excused.

The First Step Act provides, in relevant part:

> (b) Credit toward service of sentence for satisfactory behavior.—
>
> (1) Subject to paragraph (2), a prisoner who is serving a term of imprisonment of more than 1 year . . . may receive credit toward the service of the prisoner's sentence, of up to 54 days for each year of the prisoner's sentence imposed by the court, subject to determination by the Bureau of Prisons that, during that year, the prisoner has displayed exemplary compliance with institutional disciplinary regulations. Subject to paragraph (2), if the Bureau determines that, during that year, the prisoner has not satisfactorily complied with such institutional regulations, the prisoner shall receive no such credit toward service of the prisoner's sentence or shall receive such lesser credit as the Bureau determines to be appropriate . . . Credit that has not been earned may not later be granted. Subject to paragraph (2), credit for the last

year of a term of imprisonment shall be credited on the first day of the last year of the term of imprisonment.

(2) Notwithstanding any other law, credit awarded under this subsection after the date of enactment of the Prison Litigation Reform Act [April 26, 1996] shall vest on the date the prisoner is released from custody.

18 U.S.C. § 3624(b)(1)-(2) (footnote omitted).

Generally, a § 2241 petitioner is required to exhaust available administrative remedies before obtaining relief in federal court. Santiago-Lugo v. Warden, 785 F.3d 467, 474-75 (11th Cir. 2015). However, the exhaustion requirement in § 2241 cases is "judge-made," rather than jurisdictional. Id. The Act's exhaustion requirement is not jurisdictional. See Sebelius v. Auburn Reg'l Med. Ctr., 568 U.S. 145, 153, (2013) (holding that unless Congress "clearly stated that [a] rule is jurisdictional," the Court must treat it as non-jurisdictional (internal quotation marks omitted)). The Supreme Court of the United States has described "three broad sets of circumstances" where "the interests of the individual weigh heavily against requiring administrative exhaustion"; thus, the exhaustion requirement may be excused. McCarthy v. Madigan, 503 U.S. 140, 144, 146-48 (1992) superseded by statute on other grounds as stated in Woodford v. Ngo, 548 U.S. 81, 85 (2006). The circumstance most relevant to Petitioner's case, is whether there is "an unreasonable or indefinite timeframe for administrative

action." <u>Id</u>., at 146. An administrative remedy may be deemed inadequate where there is "a delay by the agency" or where an agency is unable "to grant relief because it lacks the institutional competence to resolve the particular issue." <u>Id</u>., at 148. Also, a court may skip over the exhaustion issue if it is easier to deny (not grant, of course, but deny) the petition on the merits[.]" <u>Santiago-Lugo</u>, 785 F.3d at 475. Under the First Step Act, the amendment relating to good time credits provides that "[t]he amendments . . . shall take effect beginning on the date that the Attorney General completes and releases the risk and needs assessment system under subchapter D of chapter 229 of title 18, United States Code, as added by section 101(a) of this Act." Courts around the country have determined that the amendment did not take effect until July 19, 2019.[6]

The BOP provides a specific administrative grievance procedure for prisoner complaints. 28 C.F.R. § 542.10(a) (the procedure allows inmates to seek formal administrative review of issues relating to any aspect of the inmate's confinement). First the inmate must seek informal resolution of the

---

[6] <u>United States v. Richards</u>, Case No. 3:05-cr-00185, 2019 U.S. Dist. LEXIS 77018, 2019 WL 2008572, at *4 (M.D. Tenn. May 7, 2019) ("[V]irtually every court in the country confronted with the question has concluded that it does . . ."); <u>see also</u> <u>Johnson v. Bureau of Prisons</u>, Case No. 4:19-cv-224-O, 2019 U.S. Dist. LEXIS 62448, 2019 WL 1569360, at *1 (N.D. Tex. April 11, 2019) ("the good-time-credit change will not take effect until the attorney general completes the 'risk and needs assessment system' required to be completed within 210 days after the December 21, 2018 enactment, as provided by §§ 01(a) and 102(b)(2) of the [First Step Act] 2018").

issue(s) at the place of confinement. 28 C.F.R. § 542.13. If unsuccessful, next she must file a formal written administrative request with the warden on the BP-9 form. 28 C.F.R. § 542.14. If the inmate is dissatisfied with the warden's response, she may appeal to the BOP's regional director using the BP-10 form within 20 calendar days from the date the warden signed the response. 28 C.F.R. § 542.15. Finally, the inmate can file an appeal with the BOP's Office of General Counsel within 30 calendar days of the date the Regional Direct signed the response. Id. The Office of General Counsel's final decision completes the BOP's administrative review procedure. 28 C.F.R. § 542.15(a).

Here, Petitioner was scheduled to complete her prison sentence on February 14, 2019, followed by three years supervised release. On December 21, 2018, Petitioner sent an email to Respondent Warden asking for immediate release under the First Step Act. CV-ECF No. 1, p. 15. On December 26, 2018, Petitioner filed a request for an informal resolution seeking an administrative remedy seeking a recalculation of her sentence, specifically, 56 days of good-time credit and immediate release. CV-ECF No. 1, p. 13-14. The prison denied Petitioner's request because there was "no guidance yet issued to the BOP or FCI Miami." Id. This completes the first step of exhaustion. Next, on December 27, 2018, Petitioner initiated the

second step and filed a Request for Administrative Remedy to the BOP, raising the same issue. Id., p. 16. Meanwhile, on January 2, 2019, Respondent replied to Petitioner's email stating there was no "authority to recalculate sentences" because the prison was awaiting guidance on how to proceed. Id., p. 17. Petitioner filed her Section 2241 petition a few days later. Respondent admits that it took nearly three weeks, until January 14, 2019, for the prison's SENTRY system to accept Petitioner's Request for Administrative Remedies – amounting to the prison's own delay in the procedure. CV-ECF No. 30-1, p. 3. Respondent also admits that it took more than one month after that for the warden to respond, until February 20, 2019, reiterating that no remedy would be available until the prison received guidance. CV-ECF No. 30-1, p. 4. Of course, by this time, Petitioner had already been released and began her term of supervised release.

Petitioner did not exhaust her administrative remedies. Nonetheless, balancing the interests favors promptly deciding the issues raised by Petitioner over the institutional interests protected by the exhaustion defense. This is particularly so because, although Petitioner attempted to exhaust her administrative remedies, the BOP delayed in accepting her formal request and could not resolve Petitioner's request before her release date without guidance from the Attorney General. In fact, the prison did not

respond to Petitioner's request for administrative remedies until *six days after* her release. Petitioner did establish it was futile for her to exhaust her administrative remedies because (1) it "would take too much time to go through the administrative process" and (2) the BOP and Warden did not have the authority to grant her the relief before her sentence expired. CV-ECF No. 8, p. 2. Because exhaustion is not required for Petitioner to continue her petition as it relates to her term of supervised release, and because Petitioner established that it was otherwise futile to do so, the Court should excuse her failure to exhaust her administrative remedies as permitted under McCarthy v. Madigan.

   B. The Merits of Petitioner's Claims.

   Petitioner filed a "motion for judicial notice" following the Respondent Warden's response. CV-ECF No. 31. Petitioner emphasizes in her motion that the Eleventh Circuit did not remand the case for relitigation of the issues she presented in her § 2241 petition. Id. Still, Petitioner "renew[s] the arguments made in" her "Emergency Petition and . . . Objections." Id., p. 2. Petitioner maintains that "due to [her] over incarceration . . . [she] is due to be released from supervised release." Id. In sum, Petitioner wants the matter resolved on the merits as initially pled in her petition.

Notwithstanding the fact that Petitioner is not required to exhaust her administrative remedies, Petitioner's claims are not cognizable under the First Step Act. First, Petitioner is incorrect in her assertion that the Act was retroactively applicable. Section 102(b)(1) of the Act amended 18 U.S.C. § 3624(b) and altered the availability of good-time credit for federal inmates. However, the Attorney General had 210 days from the date of enactment to "develop and release publicly on the Department of Justice website a risk and needs assessment system," which shall be used "to determine when to provide incentives and rewards for successful participation in evidence-based recidivism reduction programs or productive activities[.]" See First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, § 3632(a)(6) (2018). Without that system, the time credits could not be applied. Id. As explained above, the good time credit amendment did not take effect until July 19, 2019, which is after Petitioner's release from prison. Petitioner was not entitled to good-time credit during her incarceration because the amendment did not take effect until after her release. Therefore, it follows that there was no "over incarcer[ation]."

Petitioner is still "in custody" for purposes of pursuing federal habeas relief because she was incarcerated at FCI Miami when she filed the § 2241 Petition; and she is still serving a term of supervised release. See Maleng v.

<u>Cook</u>, 490 U.S. 488, 490-91 (1989). However, even if Petitioner was entitled to additional good time credit toward her sentence that she did not receive, as Respondent points out, federal law provides that those credits could not be used to shorten her period of supervised release. Pursuant to 28 CFR § 2.35(b):

> Once an offender is conditionally released from imprisonment, either by parole or mandatory release, the good time earned during that period of imprisonment is of no further effect either to shorten the period of supervision or to shorten the period of imprisonment which the offender may be required to serve for violation of parole or mandatory release.

<u>See</u> <u>also</u> <u>United States v. Johnson</u>, 529 U.S. 53, 60 (2000) (holding that the length of a supervised release term may not be reduced by reason of excess time served in prison); <u>Garland v. Johnson</u>, 2019 U.S. Dist. LEXIS 1777527 (W.D. La. Aug. 12, 2019) (citing 28 C.F.R. § 2.35(b)) Report and Recommendation Adopted (dismissing as moot petitioner's claim for good time credits under the First Step Act because the credits cannot be used to shorten a period of supervised release and petitioner had been released from his prison term.).

"Article III denies federal courts the power to decide questions that cannot affect the rights of litigants in the case before them." <u>Lewis v. Continental Bank Corp</u>., 494 U.S. 472, 477 (1990) (citations omitted).

Petitioner seeks release from custody. Because she has been released from prison, the Court can no longer grant the relief she requested. Moreover, the First Step Act does not permit good time credits to be applied to a term of supervised release.

## III.   Conclusion and Recommendation

It is respectfully RECOMMENDED that the Court find the following:

1. Petitioner is not required to exhaust her administrative remedies for her claims under the First Step Act and may be excused under the circumstances, pursuant to McCarthy v. Madigan, 503 U.S. 140, 144 (1992).

2. Petitioner's motion for judicial notice, ECF No. 31, should GRANTED, in part, to the extent that the Court addressed the issue remanded by the Eleventh Circuit Court of Appeals.

3. Petitioner's motion for judicial notice should be DENIED, in part, to the extent that Petitioner continues to seek relief and release from supervised release pursuant to the First Step Act. Under federal law, 28 CFR § 2.35(b), good time credits may not be applied to a term of supervised release.

4. It is further recommended that the Petition be DISMISSED with prejudice as MOOT and the case be CLOSED.

IN CHAMBERS at Tallahassee, Florida, on November 9, 2020.

**s/ Martin A. Fitzpatrick**
**MARTIN A. FITZPATRICK**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control. If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions. See 11th Cir. Rule 3-1; 28 U.S.C. § 636(b)(1)(C).