IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

CHRISTOPHER "CHRISSY"
SHORTER,

    *Petitioner,*

v.                          Case No.: 4:20cv223-MW/MAF

BRYAN DOBBS,

    *Defendant.*
_____/

## ORDER ACCEPTING IN PART REPORT AND RECOMMENDATION

This Court has considered, without hearing, the Magistrate Judge's Report and Recommendation, ECF No. 32. Upon consideration, no objections having been filed by the parties,

**IT IS ORDERED**:

The report and recommendation is **accepted in part, rejected in part, and adopted** as this Court's opinion, **except to the extent it conflicts with this Order**.

This case originated in the Southern District of Florida, where it was dismissed as moot without reaching the merits of Petitioner's claim. The Eleventh Circuit Court of Appeals reversed and remanded the case, finding error in the mootness determination. While on remand, the case was transferred to this Court.

This Court accepts the Magistrate Judge's recommendations that this Court should excuse the exhaustion requirement for Petitioner, and that Petitioner is not

entitled to shorten her period of supervised release based on good-time credit that she says should have been applied toward her term of imprisonment. This Court's finding regarding the merits of the § 2241 petition differs from the Magistrate Judge's, in that this Court recognizes the First Step Act's amendments regarding good-time credit apply retroactively, *see, e.g.*, *Bottinelli v. Salazar*, 929 F.3d 1196, 1198 (9th Cir. 2019), but the amendments did not go into effect until months *after* Petitioner satisfied her prison sentence. And, as the Government asserts, nothing in the First Step Act mandates the revision of good-time credit as applied to a prison sentence that has been satisfied before the effective date of the First Step Act's amendments.

Indeed, Petitioner did not suffer from the wrongful deprivation of good-time credit prior to her release from prison on February 14, 2019, because the additional credit she asserts she was entitled to did not exist until the amendments went into effect months after she was released from prison. In other words, Petitioner was not entitled to additional good-time credit pursuant to the First Step Act *prior to* July 19, 2019, because the good-time credit amendments were not yet effective, and she is not entitled to good-time credit now since she is no longer "serving a term of imprisonment," 18 U.S.C. § 3624(b).

This Court **rejects** the recommendation that Petitioner's claim should be dismissed as moot, given the Eleventh Circuit's analysis in this case on appeal.

Accordingly, Petitioner's motion for judicial notice, ECF No. 31, is **GRANTED in part**, to the extent this Court addressed the issue remanded by the Eleventh Circuit Court of Appeals. Petitioner's motion, ECF No. 31, is **DENIED in part**, to the extent she continues to seek release from supervised release pursuant to the First Step Act. Petitioner is not entitled to additional good-time credit. The Clerk shall enter judgment stating, "Petitioner's petition for writ of habeas corpus is **DISMISSED**." The Clerk shall close the file.

    **SO ORDERED on January 12, 2021.**

                                                     s/Mark E. Walker          
                                                     **Chief United States District Judge**